**WAN ZHEN CHEN, Jian Ming Zheng, Wei Yun Zheng, Petitioners,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–3908–ag.**

United States Court of Appeals, Second Circuit.

June 19, 2007.

Wendy Tso, New York, NY, for Petitioners.

David E. Nahmias, U.S. Atty., R. David Powell, Asst. U.S. Atty., Atlanta, GA, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Wan Zhen Chen, Jian Ming Zheng, and Wei Yun Zheng, natives and citizens of the People's Republic of China, seek review of a July 31, 2006, order of the BIA affirming the March 21, 2005, decision of Immigration Judge ("IJ") William F. Jankun denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

*In re Wan Zhen Chen/Jian Ming Zheng/ Wei Yun Zheng,* Nos. A77 281 110/28 999 073/77 281 109 (B.I.A. Jul. 31, 2006), *aff'g* Nos. A77 281 110/28 999 073/77 281 109 (Immig. Ct. N.Y. City Mar. 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we lack jurisdiction to review Chen's Convention Against Torture ("CAT") claims, as she failed to exhaust those claims before the BIA. *See* 8 U.S.C. § 1252(d)(1). Likewise, we lack jurisdiction to review Chen's claim that her due process rights were violated because she also failed to present that claim to the BIA. *Id.,* see *also Theodoropoulos v. I.N.S.,* 358 F.3d 162, 172–73 (2d Cir.2004). Moreover, Jian Ming Zheng and Wei Yun Zheng failed to challenge the IJ's denial of their separate applications for withholding of removal and CAT relief before this Court. Because issues not sufficiently argued in the briefs are considered forfeited and normally will not be addressed on appeal in the absence of manifest injustice, we deem those claims abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391,

406 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338–40 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

The IJ's finding that Chen was not credible is supported by substantial evidence. The IJ properly found that Chen's testimony that she came to the United States because the family planning officials came to her home and "pressured and wanted [her] to have an IUD inserted" was inconsistent with her written statements, which claim that she "fled to live with friends and relatives to avoid sterilization." This was a material inconsistency that involves the heart of Chen's claim for asylum. *Cf. Secaida–Rosales,* 331 F.3d at 308 (finding that inconsistencies that do not involve the heart of the asylum claim are not an adequate basis for an adverse credibility determination). Moreover, this inconsistency was dramatic, as the difference between a compulsory IUD and sterilization is self-evident and conspicuous. *See Ming Shi Xue v. B.I.A.,* 439 F.3d 111, 114 (2d Cir. 2006). Thus, the IJ was not required to solicit an explanation from Chen before relying on this inconsistency to support his adverse credibility determination. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005).

The IJ also properly found that Chen's written statements, which indicated that she and her son fled before the officials came to destroy her house, were inconsistent with the testimony of her son, who stated that he and his mother were present when the authorities destroyed their house. This was another material inconsistency that goes to the heart of Chen's claim.

While we agree with Chen as to one of the IJ's credibility findings—an alleged inconsistency based on the IJ's mistaken view that she testified that the IUD caused her no medical problems, remand on that basis would be futile. The error-free findings provide substantial evidence for the adverse credibility determination as a whole, and we can confidently predict that the agency would reach the same decision absent the error that was made. *See Xiao Ji Chen,* 471 F.3d at 338–40.

Nevertheless, Chen contends that the IJ should have taken into account other documents in the record to find that she was eligible for asylum. This argument, however, does not address the inconsistencies upon which the IJ relied to make his adverse credibility determination. Most importantly, none of the documents in the record establishes that Chen was forcibly inserted with an IUD or threatened with sterilization. Therefore, Chen's asylum claim fails.

Because the only evidence of a threat to Chen's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).